IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RAND HILL, :
a/k/a James Coleman, :
 :
      Petitioner, : CIVIL NO. 3:CV-07-2163
 :
      v. : (JUDGE VANASKIE)
 :
RAYMOND J. SOBINA, :
 :
      Respondent. :

MEMORANDUM

Background

Rand Hill, a/k/a James Coleman ("Hill"), proceeding pro se, filed this habeas corpus petition pursuant to 28 U.S.C. § 2254.[1] The gist of Hill's action is his claim that the Pennsylvania Board of Probation and Parole ("Parole Board") is illegally holding him past his maximum sentence date.

Service of the Petition was previously ordered. After receiving two enlargements of time in which to respond to the Petition, Respondent filed an Answer to the Petition on April 7, 2008.

---

[1] For the convenience of the reader of this Order in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content at any hyperlinked site, or at any site to which that site might be linked. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

(Dkt. Entry # 15.) By Order dated April 15, 2008, Respondent was directed to file a supplemental response addressing the merits of Hill's Petition.[2] (Dkt. Entry # 16.)

Petitioner states that he pled guilty to a charge of aggravated assault in the Lackawanna County Court of Common Pleas on March 22, 1997. (Dkt. Entry # 1 ¶¶ 1-2.) He was sentenced to a five (5) to ten (10) year term of incarceration. After being paroled to a halfway house in 2002, Hill absconded. According to the Petition, he was eventually extradited to Pennsylvania and plead guilty to a technical parole violation. Hill further indicates that he was re-paroled on January 10, 2005 and went "delinquent." (Id. at ¶ 12(B).) He subsequently pled guilty to technical parole violations. Petitioner claims entitlement to federal habeas corpus relief on the basis that the parole Board improperly "push my maximum date back twice knowing they can't do that." (Id.)

Discussion

A § 2254 habeas corpus petition may be brought by a state prisoner who seeks to challenge either the fact or duration of his confinement in prison. See Preiser v. Rodriguez, 411 U.S. 475, 486-87 (1973). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer

---

[2] Respondent's initial response argued that Hill did not present the claim that he is being held beyond his maximum sentence date to the Pennsylvania state courts prior to filing the present Petition, and therefore, his Petition must be dismissed on exhaustion grounds. This Court previously determined that because the parameters of the exhaustion requirement in the parole context were not clear, the merits of the claim should be addressed.

v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). In Suggs v. Bureau of Prisons, 2008 WL 2966740 *4 (D. N.J. July 31, 2008), the district court reiterated that in cases where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable."

According to Respondent's supplemental response, Hill's maximum sentence was to expire on December 4, 2008. (Dkt. Entry # 24, ¶ 14.) Based upon that information, this Court sua sponte contacted SCI-Forest officials on December 17, 2009 and verified that Hill had completed service of his sentence and had been released from custody.

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a 'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

Simply put, the adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or

controversy . . . if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As explained in Burkey v. Marberry, No. 07-4782, ___ F.3d ___, 2009 WL 385419, at *3 (3d Cir. Feb. 18, 2009), in the context of a habeas corpus challenge to the execution of a sentence under 28 U.S.C. § 2241:

> Incarceration satisfies the case or controversy requirement; it is a concrete injury caused by a conviction and is likely to be redressed by invalidation of the conviction. Once a sentence has expired, however, some continuing injury, also referred to as a collateral consequence, must exist for the action to continue.

2009 WL 385419, at *3.

Hill does not challenge the legality of either his state criminal conviction or his two parole violation proceedings. His action is solely related to the sentence computation employed by the Parole Board. Moreover, the only relief requested by Petitioner is that he be afforded his release. Petitioner has not shown that he is suffering any collateral consequences as a result of the challenged sentence calculations as required under Spencer, Levya, and Kissinger. As noted above, the type of habeas claim asserted herein is moot once an inmate is released from imprisonment. Since he has been afforded that relief, a finding of mootness is likewise appropriate.

Accordingly, the Habeas Corpus Petition will be dismissed. An appropriate Order will enter.

s/ Thomas I. Vanaskie  
Thomas I. Vanaskie  
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RAND HILL, :
a/k/a James Coleman, :
 :
       Petitioner, : CIVIL NO. 3:CV-07-2163
 :
       v. : (JUDGE VANASKIE)
 :
RAYMOND J. SOBINA, :
 :
       Respondent. :

## ORDER

NOW, THEREFORE, THIS 18th DAY OF DECEMBER, 2009, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

    1. The petition for writ of habeas corpus is DISMISSED AS MOOT.

    2. The Clerk of Court is directed to CLOSE the case.

    3. There is no basis for the issuance of a Certificate of Appealability.

                               s/ Thomas I. Vanaskie
                               Thomas I. Vanaskie
                               United States District Judge